729 A.2d 50 (1999)
321 N.J. Super. 356
Ann G. OBERT and Steven M. Obert, her husband, Plaintiffs-Appellants,
v.
Tony BARATTA and Computer Sciences Corporation, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1999.
Decided May 21, 1999.
*51 Leonard H. Niedermayer, Mount Holly, for plaintiffs-appellants (Warren S. Jones, Jr., attorney; Mr. Niedermayer, of counsel and on the brief).
Eleanore A. Rogalski, Cherry Hill, for defendants-respondents (Garrigle, Palm and Thomasson, attorneys; James J. Law, of counsel and on the brief).
Before Judges STERN, LANDAU and WECKER.
The opinion of the court was delivered by LANDAU, J.A.D.
This is an appeal by plaintiffs Ann G. Obert and Steven M. Obert, her husband, from the award of summary judgment dismissing their complaint for damages against defendant Tony Baratta arising out of his alleged reckless pursuit of a fly ball during an informal intra-office softball game.
Plaintiff Ann Obert (Obert) and Baratta were each playing a portion of center field (there were four outfielders) when a high fly ball was hit to Obert's sector. As she backed up with her eyes on the ball, preparing to catch it, Baratta was running for the catch, also with his eyes on the ball. They collided violently, and the diminutive Obert was injured.
Obert testified in depositions that she did not call for the ball. No other witness heard her or Baratta call for the ball. Neither fielder saw the other until contact. Indeed, Obert said she never saw Baratta coming. The report of plaintiff's proposed expert, excluded by the motion judge, stated incorrectly that Obert had called for the ball. The report also alternated between describing Baratta's conduct as "reckless" and "negligent"; appeared to judge recklessness on a scale based on a relative "need for such aggressiveness" to be flexibly determined by the stage and score of the game; and defined reckless misconduct as "conduct creating an unreasonable risk of physical harm to another."
Our Supreme Court has recognized that in informal softball games, where "acceptable conduct cannot be recognized except by looking to the highly subjective understandings between persons in [such] a special relationship, the standard of general reasonableness is not truly workable." Crawn v. Campo, 136 N.J. 494, 507, 643 A.2d 600 (1994). With regard to expert testimony, the Court observed that the "idiosyncracies of a specific softball game render it resistant to the analysis of general experts." Id. at 510, 643 A.2d 600.
*52 In light of the expert's significant factual misapprehension about Obert's call for the ball, his apparent use of the standard of general reasonableness in defining recklessness and our Supreme Court's conclusion that expert testimony is inappropriate in this kind of case, we find no abuse of discretion in disallowing the use of plaintiff's expert.
Similarly, under the standards for summary judgment enunciated in Brill v. Guardian Life Insurance Company, 142 N.J. 520, 666 A.2d 146 (1995), we hold that summary judgment was correctly awarded in this case. To present a jury question in a case such as this, the proofs must reflect conduct that can be identified as either reckless or intentional, mindful of the need to leave free from legal supervision "the risk-laden conduct that is inherent in sports...." Crawn, supra, 136 N.J. at 508, 643 A.2d 600.
Here, plaintiffs have presumed to postulate that defendant was "intent on taking the play away from [Obert]"; and that Baratta was "... this chauvinist pig ... who decides that ... this little woman out there is not going to be competent to catch the ball ... and she better just get out of my way." There exists no factual support for this rhetoric, nor proof of any basis for jealousy or animus, nor any showing that Baratta had been warned about over-zealousness in the outfield and disregarded the warnings. Proof of one of these factors, for example, might have furnished support for sending the case to a jury for its consideration whether the conduct was reckless in the circumstances. We do not intend here to exhaust examples of the possible grounds for a finding of recklessness in an informal softball game, nor is it necessary that we do so.
It is sufficient for resolution of this appeal to recognize that where untrained softball players, without benefit of coaching or structured team play, take the field, there are "clear and not-so-clear expectations," Crawn, supra, at 507, 643 A.2d 600, and that when a fly ball is catchable by either of two fielders, even if one is closer than the other to the final stage of its trajectory, it is likely that they will converge, each with eyes on the ball. Experience, training and athletic prowess may reduce the risk of collision. Conversely, absence of those factors may enhance the collision risks assumed in informal games like the one in this case.
As the motion judge recognized, collisions occur even in professional games, because a fielder's eyes focus on the ball that is hit. The proofs in the present case give no reason to regard Baratta's run toward the fly ball as more than ordinary negligence at worst. It was not the kind of egregiously reckless conduct that merits a departure from the strong public policy encouraging vigorous participation in the "rough-and-tumble of sports" activity freely, without fear of being "second-guessed in courtrooms." Crawn, supra, 136 N.J. at 508, 643 A.2d 600.
Affirmed.